IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )    Criminal No. 1:10-cr-079 |
| Plaintiff, | )      1:10-cr-115 |
| | )    **PLEA AGREEMENT** |
| -vs- | ) |
| | ) |
| ENRIQUE OROZCO-VILLEGAS, | ) |
| | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(A) and (B) and Rule 20 of the Federal Rules of Criminal

Procedure, the United States of America, by its attorneys, Timothy Q. Purdon, United

States Attorney for the District of North Dakota, and David D. Hagler, Assistant

United States Attorney, defendant, ENRIQUE OROZCO-VILLEGAS, and defendant's

attorney, William D. Schmidt, hereby agree to the following:

     1.     Defendant will voluntarily plead guilty to the sole count of the Indictment

in the District of North Dakota which charges a violation of Title 8, United States Code,

Sections 1326(a) and (b)(1), reentry of deported alien.

     2.     Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Defendant

will waive his right to trial and voluntarily plead guilty to the following offenses from the

District of Wyoming[1]: **aggravated identity theft** in violation of 18 USC § 1028A(a)(1)

and **false claim of U.S. citizenship** in violation of 18 USC § 911, as alleged in Counts

Two and Four of the Indictment, Criminal No. 1:10-cr-00313, District of Wyoming.

---

[1]The District of Wyoming has agreed to a Rule 20 transfer to the District of North
Dakota through AUSA Darrell L. Fun.

3.     Defendant has read the charges, and defendant's attorneys have fully explained the charges to the defendant. Defendant fully understands the nature and elements of the charged crimes.

4.     The parties agree this Plea Agreement shall be filed and become a part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

5.     Defendant will plead guilty because he is in fact guilty of the aforementioned charges. In pleading guilty to these offenses, defendant acknowledges:

DISTRICT OF NORTH DAKOTA - **reentry of deported alien** (8 U.S.C. §§ 1326(a)):

a) In August 2010, Defendant was working in the Williston, North Dakota, area. On August 17, 2010, Defendant traveled to the Dickinson, Stark County, North Dakota area and was arrested by the Dickinson Police Department. Defendant was illegally present in the United States at that time.

b) Defendant had previously been lawfully ordered deported and was removed from the United States in June 2007 and March 2009. Defendant subsequently entered the United States and was found in North Dakota on August 17, 2010, without authorization.

c) Defendant acknowledges that his conduct satisfies all the elements of Title 8, United States Code, Section 1326(a) and (b)(1), as alleged in the Indictment and that this court has jurisdiction over this matter.

2

**DISTRICT OF WYOMING - aggravated identity theft** (18 USC § 1028A(a)(1)) and **false claim of U.S. citizenship** (18 USC § 911):

    a)  Defendant is a citizen of Mexico and is an alien in the United States.

    b)  Defendant purchased the identity of another individual for $500 in Wyoming. Defendant was informed that the identity was that of a real person and was provided a social security number, date of birth and name of the individual. The identity is that of a real person who resides in Wyoming.

    c)  On or about June 9, 2010, Defendant used the identity to complete a Form I-9, Employment Eligibility Verification, in Riverton, Wyoming. Defendant obtained employment with Big West Oilfield Services and was sent to North Dakota to work. While completing the I-9 form, on or about June 9, 2010, in Riverton, Wyoming, and while using the false identity, Defendant knowingly and falsely claimed to be a United States citizen.

    d)  In July 2010, Defendant opened a bank account in Dickinson, North Dakota, in the name of and using the identity of the other individual.

    e)  Defendant acknowledges that his conduct satisfies all the elements of Title 18, United States Code, Sections 911 and 1028A(a)(1) as alleged and that this court has jurisdiction over this matter.

    6.    Defendant understands the counts to which he is pleading guilty carry the following maximum penalties:

**DISTRICT OF NORTH DAKOTA - reentry of deported alien** (8 U.S.C. §§ 1326(a) and (b)(1)):

| | |
|---|---|
| Imprisonment: | 2 years |
| Fine: | $250,000 |
| Supervised Release: | 1 year |
| Special Assessment: | $100 |

**DISTRICT OF WYOMING - aggravated identity theft** (18 USC § 1028A(a)(1)):

| | |
|---|---|
| Imprisonment: | 2 years mandatory consecutive |
| Fine: | $250,000 |
| Supervised Release: | 1 year |
| Special Assessment: | $100 |

<u>DISTRICT OF WYOMING</u> - **false claim of U.S. citizenship** (18 USC § 911):

| | |
|---|---|
| Imprisonment: | 3 years |
| Fine: | $250,000 |
| Supervised Release: | 1 year |
| Special Assessment: | $100 |

Defendant agrees to pay to the Clerk of United States District Court the $300 special assessment on or before the day of sentencing.

7.      Defendant understands that by pleading guilty defendant surrenders rights, including:

(a)      The right to a speedy public jury trial and related rights as follow:

(i)      A jury would be composed of 12 lay persons selected at random.  Defendant and defendant's attorney would help choose the jurors removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges.  The jury would have to agree unanimously before it could return a verdict.  The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii)      If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

4

(iii)    At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv)    At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

8.    Defendant understands that by pleading guilty defendant gives up all of the rights set forth in the prior paragraphs, and there will be no trial. Defendant's attorney has explained these rights, and consequences of defendant's waiver. Defendant waives any basis upon which the defendant may request to withdraw Defendant's plea of guilty pursuant to Federal Rule of Criminal 11(d). Defendant's attorney has also explained and Defendant understands that a conviction for these offenses may have an adverse affect on Defendant's immigration status and could result in deportation from the United States.

9.     The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act.  In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual, (Nov. 2010) (USSG).  Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing.

10.     This Plea Agreement is binding only upon the United States Attorneys for the District of North Dakota and the District of Wyoming.  It does not bind any United States Attorney outside the District of North Dakota and the District of Wyoming, nor does it bind any state or local prosecutor.  They remain free to prosecute Defendant for any offenses under their jurisdiction.  This Plea Agreement also does not bar or compromise any civil or administrative claim.

11.     Defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom Defendant is licensed, or with whom defendant does business, of Defendant's conviction.

12.     The parties agree and stipulate that the Sentencing Guidelines calculations are expected to be as follows.  The North Dakota reentry offense and the Wyoming false claim of citizenship offense will be grouped because the "victim" in both would be considered the societal interest of  protecting the immigration laws and would probably be

6

closely related.  See USSG § 3D1.2, comment. (n.2).   As such, it appears that USSG §

3D1.2(b) would apply and the higher offense level will control:

**reentry of deported alien**

| | |
|---|---|
| 8 | base offense level - USSG § 2L1.2(a) |
| -2 | acceptance reduction - USSG § 3E1.1(a) |
| 6 | total offense level |

**false claim of U.S. citizenship**

| | |
|---|---|
| 8 | base offense level - USSG § 2L2.2(a) |
| +2 | illegal alien previously deported - USSG § 2L2.2(b)(1) |
| -2 | acceptance reduction - USSG § 3E1.1(a) |
| 8 | total offense level |

13.    Regarding the aggravated identity theft offense, USSG § 2B1.6 indicates

the guideline sentence is the term of imprisonment required by statute. 18 U.S.C. §

1028A(a)(1) mandates, "in addition to the punishment provided for such felony, be

sentenced to a term of imprisonment of 2 years."

14.    At sentencing, the United States agrees to recommend a 2-level downward

adjustment for acceptance of responsibility, provided Defendant has demonstrated a

genuine acceptance of responsibility. (USSG 3E1.1(a)).  The United States reserves the

right to withdraw this recommendation if Defendant fails to cooperate fully, completely,

and truthfully in the presentence investigation process.

15.    There may be other upward or downward adjustments applicable in this

case that are not listed in this Plea Agreement.  If there are other upward or downward

adjustments contained within the pre-sentence investigation report's Sentencing

Guideline calculations that are not listed within this Plea Agreement, the parties will be permitted to advocate for or against application of those adjustments at their discretion. Inclusion of any upward or downward adjustment not contained within this Plea Agreement in the Sentencing Court's determination of the Sentencing Guideline range at the sentencing hearing does not entitle Defendant a right to appeal beyond that provided within the paragraph identified as "Appeal Waiver" below.

16.     Neither the Court nor the Probation Office are parties to the Plea Agreement. Neither the Court nor the Probation Office are bound by the Plea Agreement as to determining the guidelines range. The Court may impose a reasonable sentence anywhere within the statutory range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines Commission to justify the departure. Both parties reserve the right to object to any departure from the applicable Sentencing Guideline range proposed by the Court on its own motion.

17.     At the time of sentencing, the United States will:

(a)     recommend a sentence at the low end of the Guideline sentencing range calculated by the sentencing court at the sentencing hearing and a consecutive two-year imprisonment sentence on the aggravated identity theft charge;

(b)     recommend a period of supervised release;

8

(c)    recommend Defendant be ordered to pay the $300 special assessment

and restitution if applicable; and

(d)    along with the U.S. Attorney for the District of Wyoming,

recommend that Counts One and Three of the Indictment in Criminal No.

1:10-cr-00313, District of Wyoming, be dismissed.

18.    Defendant may recommend any sentence, including any departure or

variance from the advisory Guideline sentencing range, that he believes is appropriate.

19.    Defendant acknowledges and understands that if he:

(a)    violates any term of this Plea Agreement,

(b)    engages in any further criminal activity regardless of jurisdiction,

severity or whether a conviction results from the charges,

(c)    violates any term of pre-trial release regardless of whether a petition

is filed or of the ultimate disposition of any petition that is filed,

(d)    has, after being charged with the offense(s) in this case, provided

false information to any federal, state or local law enforcement

officer or any state or federal probation/pre-trial services officer,

including any statements made in any proffer interview(s) in

connection with this case, either prior to entry into this plea

agreement or at any time after entry into this plea agreement,

(e)    engages in any form of obstruction of justice, or

(f)    fails to appear for the change of plea hearing, sentencing hearing, or any other hearing in this matter,

this Plea Agreement shall become null and void, in whole or in part, at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information he has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement, including but not limited to its agreement to recommend a certain sentence in the case.

20.    Defendant acknowledges that he has read each of the provisions of this entire Plea Agreement, with the assistance of counsel, and understands its provisions. Defendant and his attorney have discussed the case and Defendant's Constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

21.    If Defendant should fail in any way to abide by the terms of this Plea Agreement and Supplement, the United States will be released from its commitments and

this agreement will be null and void, in whole or in part, at the discretion of the United States. Nothing in this agreement will prevent the United States from prosecuting Defendant for perjury, false statement, or false declaration if Defendant commits such acts in connection with this agreement or otherwise.

22.    Defendant acknowledges the provisions of Title 18, United States Code, Section 3663A, that require the Court to issue an order of restitution, and agrees to accept responsibility for paying such amount under such terms as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order him to make restitution for all loss caused by his conduct, regardless of whether a count or counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

23.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties provided by law.

24.    <u>Appeal Waiver</u>: Defendant waives his right to appeal his conviction and the Court's entry of judgment against him, including an appeal of any motions, defenses, probable cause determinations, and objections which he has asserted in this case. Defendant also waives any right to appeal his sentence under 18 U.S.C. § 3742(a) as recognized and permitted by <u>United States v. Andis</u>, 333 F.3d 886 (8th Cir. 2003). All

11

decisions as to the appropriate Criminal History Category by the sentencing Court are final and not subject to appeal.  Expressly excluded from this waiver of appeal is Defendant's right to appeal any sentence imposed which is greater than the upper limit of the sentencing guideline range determined by the sentencing court at the sentencing hearing.  Defendant agrees to waive any right to contest his conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶6(3) premised on a right newly recognized by the United States Supreme Court.

25.    Defendant understands that neither the agreements as to the Sentencing Guidelines nor the recommendations concerning the sentence made by the parties are binding on the Court or the Probation and Pretrial Services Office.  Defendant further understands that refusal by the Court to accept any or all such agreements or recommendations does not give Defendant a right to withdraw any guilty plea(s).

26.    The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.  Defendant and Defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce Defendant to plead guilty.

27.    The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure.  The

attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes

regarding the Presentence Investigation Report (PSIR) through a presentence conference

or other informal procedures.

AGREED:

TIMOTHY Q. PURDON
United States Attorney

Dated: _12 · 20 · 10_     By: _____

DAVID D. HAGLER
Assistant United States Attorney


Dated: _12-6 -10_        _____

ENRIQUE OROZCO-VILLEGAS
Defendant


Dated: _12-6-10_         _____

WILLIAM D. SCHMIDT
Attorney for Defendant


OROZCO-VILLEGAS PLEA AGREEMENT

13