UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

SOUTHWESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:10-cr-079 |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | |
| ENRIQUE OROZCO-VILLEGAS, | |
| Defendant. | |

_____

INTRODUCTION

The defendant, Enrique Orozco-Villegas, was charged in a one-count indictment filed on September 21, 2010, with the offense of Reentry of Deported Alien in violation 8 U.S.C. § 1326(a).  On November 3, 2010, a four-count complaint was filed in the United States District Court for the District of Wyoming charging Enrique Orozco-Villegas with (1)  Use of a False Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B), (2) Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), (3) Unlawful Use of Means of Identification in violation of 18 U.S.C. § 1028(a)(7) and (b)(1)(D), and (4) False Claim of U.S. Citizenship in violation of 18 U.S.C. § 911.

Orozco-Villegas appeared before the United States Magistrate Judge in the District of North Dakota on November 8, 2010, and entered a not guilty plea to the charge set forth in the indictment.  On December 20, 2010, a Rule 20 Consent to Transfer was filed with the Court transferring jurisdiction of the Wyoming cases to North Dakota for disposition.

On December 21, 2010, a Plea Agreement was filed with respect to the North Dakota and Wyoming charges. Under the terms of the Plea Agreement, Orozco-Villegas agreed to enter a plea to the sole count in the North Dakota Indictment and to counts two and four of the Wyoming Indictment (which was returned subsequent to the original complaint), Aggravated Identity Theft and False Claim of U.S. Citizenship. The United States indicated it would move to dismiss counts one and three of the Wyoming Indictment at the time of sentencing, would recommend a sentence at the low end of the advisory guideline range with regard to the North Dakota charge and with regard to the Wyoming offenses, a sentence of two years consecutive to the sentence imposed on the North Dakota charge.

On January 7, 2011, Orozco-Villegas appeared before U.S. District Judge Daniel Hovland and entered guilty pleas to the sole count in the North Dakota Indictment and to counts two and four of the Wyoming Indictment. The Court accepted the pleas and ordered a Presentence Investigation Report. Sentencing is scheduled for March 21, 2011, in Bismarck, North Dakota.

MEMORANDUM

The Presentence Investigation Report indicates with regard to the North Dakota charge of Reentry of a Deported Alien, a base offense level eight. With regard to the Wyoming charge of False Claim of Citizenship, the base offense level is ten. These two charges are grouped pursuant to U.S.S.G § 3D1.2 resulting in a base offense level for these two charges of ten. With a two level reduction for acceptance of responsibility, the adjusted base offense level for these two counts is eight. Orozco-Villegas's Criminal History Category is II producing an advisory sentencing guideline range for these two counts of 4-10 months. The Aggravated Identity Theft

conviction, pursuant to 18 U.S.C. § 1028A requires a two year sentence, to run consecutive to the above counts.

Orozco-Villegas was originally arrested on these matters and charged in state court on August 17, 2010, and has been in custody since that time. He did not make his initial appears in the United States District Court until December 8, 2010, and as this Court knows, the Bureau of Prisons will not give him credit for the approximate three months he served in state custody. This Court must factor this detention when determining the sentence.

Under the terms of the Plea Agreement, the United States indicates that with regard to the North Dakota count and count four of the Wyoming Indictment, it would recommend a sentence at the low end of the advisory guideline range, or four months. Orozco-Villegas requests that this Court impose a sentence of four months but that the four month time frame begin running on August 17, 2010, the date he was taken into custody by state authorities with regard to the same conduct giving rise to the North Dakota Indictment. Proceeding in this fashion would result in his having completed the four month sentence on December 17, 2010. The two year consecutive sentence that is required under 18 U.S.C. § 1028(A) should begin running on December 17, 2010.

As this Court knows, Orozco-Villegas will eventually be removed from the United States after he has completed his sentence. In this instance, disregarding the approximate three month time frame that he was in state custody would be inconsistent with the factors this Court must consider under 18 U.S.C. § 3553(a) and, more importantly, would result in a sentence that is not

**"sufficient, but not greater than necessary"** to comply with the sentencing factors set forth in that section.

As an alternative, Orozco-Villegas proposes that the Court vary or depart from the low end of the advisory guideline range and impose a sentence of 1 month from November 8, 2010, (the date of Orozco-Villeas's initial appearance) followed by a two year consecutive sentence with regard to the Aggravated Identify Theft. Proceeding in this fashion gives Orozco-Villegas the credit for the three months served in state custody which is warranted.

Dated this 15th day of March, 2011

        Respectfully submitted,

        NEIL FULTON
        Federal Public Defender
        By:

        */s/ William D. Schmidt*
        William D. Schmidt, (ND Bar ID#03339)
        First Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        Districts of South Dakota and North Dakota
        324 North 3rd Street, Suite 1
        Bismarck, ND 58501
        Telephone: 701-250-4500 Facsimile: 701-250-4498
        filinguser_SDND@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2011, the following document(s):

**Defendant's Sentencing Memorandum**

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

> David Hagler
> david.hagler@usdoj.gov

I further certify that copy of the foregoing documents and the Notice of Electronic Filing will be mailed first class mail, postage paid, to the following non-ECF participants:

> /s/ William D. Schmidt
> William D. Schmidt,
> First Assistant Federal Public Defender